1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY NUNO,                          )   Case No.: 1:17-cv-00978 - AWI - JLT
                                            )
12                    Plaintiff,            )   ORDER DISMISSING PLAINTIFF'S
                                            )   COMPLAINT WITH LEAVE TO AMEND
13          v.                              )
                                            )   (Doc. 1)
14   CALIFORNIA STATE UNIVERSITY            )
     BAKERSFIELD, et al.,                   )
15                                          )
                      Defendants.           )
16   _____)

17          Anthony Nuno asserts that he is a professor at California State University, Bakersfield, and has

18   been subjected to harassment and retaliation based upon his race and national origin.  Plaintiff contends

19   California State University and David Schecter, the Vice Provost, are liable for violations of his Title

20   VII rights.  As set forth more fully below, Plaintiff fails to set forth sufficient factual allegations to

21   support the claims alleged, and the complaint is **DISMISSED** with leave to amend.

22   **I.      Pleading Requirements**

23          The Federal Rules of Civil Procedure govern the requirements for filing an adequate complaint

24   in the District Court.  A complaint must include a statement affirming the court's jurisdiction, "a short

25   and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief

26   sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

27   The purpose of the complaint is to give the defendant fair notice of the claims against him, and the

28   grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Thus, a complaint must give fair notice and state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Iqbal*, 556 U.S. at 678-79 (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend when the deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.    Allegations

Plaintiff alleges that he is Mexican-American and "was not given the same opportunities that other professors received." (Doc. 1 at 6) Specifically, Plaintiff contends, "California State University, Bakersfield denied [him] promotion to full professor and salary increase and failed to properly evaluate [his] contributions in the areas of teaching, service to the university and community and in research and scholarship." (*Id.*) Further, Plaintiff asserts that he would like "to be able to attend department meetings with other professors and … to communicate directly with them via email." (*Id.* at 7)

Plaintiff contends "[t]he University failed to create a harassment and retaliatory free work environment" in violation of Title VII. (Doc. 1 at 1, 6) He received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission dated April 28, 2017. (*Id.* at 8)

### III.     Discussion and Analysis

Plaintiff contends the defendants are liable for retaliation and discrimination in violation of Title VII.  (Doc. 1 at 5)  Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a).  Further, Title VII provides it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

#### A.     Retaliation

The Ninth Circuit explained an "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if the adverse employment action occurs because of the employee's opposition to conduct made unlawful [by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997).  To state a cognizable claim for retaliation, a plaintiff must allege: "(1) []he engaged in an activity protected by Title VII; (2) [the] employer subjected [him] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732 (9th Cir. 2012); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

For an employee's "opposition" to be protected, the employer's conduct which the employee opposed "must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation." *Learned v. Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988).  Conduct constituting a "protected activity" under Title VII includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and "engaging in other activity intended to oppose an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-

3(a)) (internal quotation marks omitted).  Here, Plaintiff fails to identify any activity protected by Title VII in the complaint.

Further, even if Plaintiff alleged facts sufficient to support a determination that he engaged in a protected activity, he has not alleged a causal link between his actions and the decision to not promote Plaintiff to a full professor position. A causal link may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff*, 809 F.2d at 1375.  "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002).

Significantly, for a causal link to be inferred, Plaintiff must allege his employer had knowledge of any protected activities taken by Plaintiff.  *See, e.g., Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (inferring causation where adverse employment actions took place less than three months after the plaintiff's complaint where his supervisors were aware of his Title VII charges and his participation in administrative investigations); *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869-70 (9th Cir. 1996) (finding causal link where alleged retaliation followed within months of protected activity where supervisor knew of the employee's complaint).  Here, Plaintiff has failed to allege sufficient facts supporting either the conclusion that he engaged in protected activity, or the inference of a causal link.  Consequently, his claim for retaliation is **DISMISSED**.

## B.    Disparate Treatment

An individual suffers disparate treatment in his employment when he "is singled out and treated less favorably than others similarly situated."  *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).  To prevail on a claim of disparate treatment, a plaintiff must allege sufficient facts that give rise to an inference of unlawful discrimination.  Specifically, a plaintiff states a cognizable claim for disparate treatment if he alleges that (1) he belongs to a class protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) "the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff."  *Cornwell v. Electra Central Credit Union*, 439

F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

In this complaint, Plaintiff fails to allege he performed his job satisfactorily or that he was treated different from those "who do[] not belong to the same protected class." *Cornwell*, 439 F.3d at 1028. Rather, Plaintiff alleges he "was not given the same opportunities that other professors received." (Doc. 1 at 6) Given the broad allegations of the complaint, the Court is unable to conclude the "other professors" were not of the same protected class, or were similarly situated to Plaintiff. Thus, Plaintiff has not alleged facts sufficient to support his claim for disparate treatment in violation of Title VII, and this cause of action must be **DISMISSED**.

## IV. Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff states a cognizable claim for a violation of Title VII. Because it is not clear whether the factual deficiencies may be cured by amendment, Plaintiff will be granted leave to amend the complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint."

Plaintiff is admonished to provide more than conclusions in his complaint, and provide a short, plain statement of her case, including facts that support his allegations. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678-79. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…" *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1.    Plaintiff's Complaint is **DISMISSED with leave to amend**; and

2.    Plaintiff is **GRANTED** thirty days from the date of service of this Order to file a First Amended Complaint.

**Plaintiff is cautioned that failure to comply with this order by filing an amended complaint will result in a recommendation that this action be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **September 22, 2017**          **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE