**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY NUNO,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE UNIVERSITY BAKERSFIELD, et al.<br><br>    Defendants. | Case No.: 1:17-cv-0978 -AWI-JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Anthony Nuno asserts that he is a professor at California State University, Bakersfield, and has been subjected to harassment and retaliation based upon his race and national origin. (Doc. 1) On September 22, 2017, the Court determined Plaintiff failed to allege facts sufficient to support his claims for violations of Title VII and dismissed the compliant with leave to amend. (Doc. 3) Plaintiff requested an extension of time to file an amended complaint, which was granted by the Court. (Docs. 4-5) Plaintiff was ordered to "file an amended complaint no later than November 20, 2017." (Doc. 5 at 1, emphasis omitted) To date, Plaintiff has failed to file an amended complaint or take any other action to prosecute this matter.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within fourteen days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order and failure to prosecute, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated: **November 27, 2017**          /s/ Jennifer L. Thurston
                            UNITED STATES MAGISTRATE JUDGE